UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM G. WESTERVELT,** | * CIVIL ACTION NO. _____ |
| **Plaintiff,** | * |
| **VERSUS** | * SECTION _____ |
| **JPMORGAN CHASE BANK, N.A. D/B/A CHASE BANK,** | * JUDGE _____ |
| **Defendant.** | * MAGISTRATE _____ |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that defendant JPMorgan Chase Bank, N.A. (Chase), defendant in the civil action entitled "William G. Westervelt v. JPMorgan Chase Bank, N.A. D/B/A Chase Bank," Suit No. 655937, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, file this notice of removal of the civil action to the United States District Court for the Middle District of Louisiana.

A copy of this notice of removal is being filed with the Clerk of Court for the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, in conformity with 28 U.S.C. § 1446(d), as amended.

Chase respectfully represents that the grounds for removal are:

1.

On or about March 8, 2017, plaintiff filed a Petition for Damages in the matter entitled "William G. Westervelt v. JPMorgan Chase Bank, N.A. D/B/A Chase Bank," Suit No. 655937, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, which is within the jurisdiction of the Middle District of Louisiana.

891054.1

2.

Named as defendant in the Petition for Damages is JPMorgan Chase Bank, N.A.

3.

Generally, the plaintiff asserts in the Petition that $4,000.00 was withdrawn from his Chase account without his authorization. Plaintiff alleges he immediately reported the theft of his bank cards and funds to Chase. Chase initially credited plaintiff's account for the unauthorized debuts, but subsequently deducted $3,802.05 and asserted that plaintiff owed Chase an additional $985.37. Plaintiff asserts Chase has since refused to credit plaintiff's account for the allegedly unauthorized withdrawals.

4.

Plaintiff asserts that Chase's actions "violate multiple statutes and regulations, including the Electronic Funds Transfer Act ("EFTA") as codified in 15 U.S.C. § 1693g and section 205.6 of Regulation E (12 C.F.R. § 205.6), the Louisiana Unfair Trade Practices Act, and other statues and regulations (including those related to improper debt collection)." *See* Petition for Damages, ¶ X.

5.

One year has not expired since the commencement of this action.

6.

The above described action is one over which the court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that this case arises under the laws of the United States. Therefore, pursuant to 28 U.S.C. § 1441, this case may be removed to the United States District Court for the Middle District of Louisiana.

7.

Congress has directed that federal courts have jurisdiction over all cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Normally, the well-pleaded complaint" rule requires that, for a federal court to have "arising under" jurisdiction, the plaintiff's federal law claims must appear on the face of the complaint. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

8.

Plaintiff has specifically pled federal claims in his Petition for Damages – the Electronic Funds Transfer Act, 15 U.S.C. § 1693g, and section 205.6 of Regulation E (12 C.F.R. § 205.6).

9.

Chase's removal of this action is timely as Chase files this Notice of Removal within 30 days of its receipt of the Petition for Damages.

10.

This Court may also maintain jurisdiction over the plaintiff's state law claims under the Court's supplemental jurisdiction, 28 U.S.C. § 1367.

11.

The only process, pleadings, and orders filed in this matter of which Chase is aware are attached as Exhibit A.

12.

Pursuant to 28 U.S.C. § 1446(a), Chases also attaches as Exhibit A copy of all processes, pleadings and orders served upon them.

13.

Promptly after this notice of removal is filed, written notice thereof will be given to all adverse parties and a copy of the notice of removal will be filed with the Clerk of the 19th Judicial District Court as provided by law

14.

This notice of removal does not waive any objections, motions and exceptions that defendants would have if this matter remained in state court.  Chase reserves all objection, motions and exceptions it may have.

15.

WHEREFORE, defendant JPMorgan Chase Bank, N.A., prays that this notice of removal be accepted as good and sufficient, and that the aforementioned Petition for Damages be removed from the state court to this Honorable Court for trial and determination as provided by law, that the court enter such orders and issue such process as may be property to bring before it, including all copies of all records and civil proceedings in the civil action form state court, and there upon proceed with the civil action as if it had originally be commenced in this court.

Respectfully submitted,

*/s/ Amanda S. Stout*
Jonathan G. Wilbourn, (La. Bar No. 27683)
Amanda S. Stout (La. Bar No. 29001)
McGLINCHEY STAFFORD
301 Main Street, Suite 1400
Baton Rouge, LA 70801
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076

ATTORNEYS FOR JPMORGAN CHASE BANK, N.A.

891054.1

**CERTIFICATE OF SERVICE**

I certify that on April 21, 2017, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system and/or U.S. Mail.

>  */s/ Amanda S. Stout*
>  Amanda S. Stout